USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 09/18/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARLOS SAVINON,

                          Petitioner,

    -against-

WILLIAM MAZUCCA, Superintendent,
Fishkill Correctional Facility, et al.

                          Respondents.
------------------------------------------------------------X

04 Civ. 1589 (RMB)(GWG)

**DECISION AND ORDER**

## I. Background

On or about February 25, 2004, Carlos Savinon ("Savinon" or "Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") alleging that during his jury trial in New York Supreme Court, New York County, he was "denied his Sixth Amendment right to the effective assistance of counsel" and "the rendering of a missing witness charge violated [his] due process right to a fair trial under the Fourteenth Amendment." (Petition at 9, 24.) Petitioner filed an amended petition ("Amended Petition") on or about February 2, 2005, adding allegedly evidence provided by an eyewitness as "a new facet of petitioner's originally asserted Sixth Amendment and Due Process claims," and stating that "an evidentiary hearing should therefore be granted" to evaluate the new evidence. (Amended Petition at 1, 25.)

Following a jury trial before the Honorable Harold Beeler, New York Supreme Court, New York County, on May 11, 2001, Petitioner was convicted of one count of rape in the first degree and one count of sexual abuse in the first degree. (Amended Petition at 2.) Petitioner, who is incarcerated at the Sullivan Correctional Facility, was sentenced to concurrent terms of

nine years for first-degree rape and five years for first-degree sexual abuse. (Amended Petition at 2.)

The New York Supreme Court, Appellate Division, First Department affirmed Petitioner's conviction on April 30, 2002. People v. Savinon, 293 A.D.2d 413, 413-14 (1st Dep't 2002) ("the court properly granted the People's request for a missing witness charge," and "defendant received meaningful representation"). The New York Court of Appeals granted Petitioner leave to appeal on October 15, 2002 and, on June 5, 2003, the Court of Appeals affirmed the decision of the Appellate Division. People v. Savinon, 98 N.Y.2d 772 (2002); People v. Savinon, 100 N.Y.2d 192, 194 (2003) ("[w]e conclude that the court's [missing witness] instruction was proper, and therefore affirm defendant's conviction").

On or about September 6, 2002, Petitioner moved pro se to vacate the judgment of the trial court. (Amended Petition at 2.) On November 15, 2002, the Honorable Gregory Carro, New York Supreme Court, New York County denied Petitioner's motion. (Amended Petition at 2-3; Decision and Order by Judge Gregory Carro, dated Nov. 15, 2002, at 4 ("defense counsel's decision[s] . . . had a strategic or other legitimate purpose that a reasonable competent attorney might have pursued").)

On or about September 30, 2004, Petitioner moved a second time to vacate the judgment of the trial court. (Amended Petition at 2.) On November 9, 2004, the Honorable Gregory Carro, New York Supreme Court, New York County denied Petitioner's second motion to vacate judgment and, on January 18, 2005, the Honorable Richard Andrias, New York Supreme Court, Appellate Division, First Department denied leave to appeal. (Petitioner's Declaration of Exhaustion of State Remedies, dated Feb. 1, 2005.)

2

On October 12, 2005, United States Magistrate Judge Gabriel W. Gorenstein, to whom this matter had been referred, issued a thorough and thoughtful Report and Recommendation ("Report") recommending that the Court deny the Amended Petition. Judge Gorenstein found that the missing witness charge "explicitly left to the jury the question of determining whether [the missing witness] was available to Savinon and under his control," and "on the basis of 'proven facts before the jury,' . . . 'reason and common sense' would permit a finding of availability and control." (Report at 66-67 (quoting Francis v. Franklin, 471 U.S. 307, 314 (1985)).) Judge Gorenstein also found that Petitioner "is unable to make out a claim of ineffective assistance of counsel" because, among other things, Petitioner did not show "'a reasonable probability' that the result of his trial 'would have been different.'" (Report at 47 (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)).) Also, Judge Gorenstein determined that no evidentiary hearing is necessary to consider the alleged new evidence because "the affidavits before this Court provide a sufficient basis to adjudicate Savinon's petition." (Report at 72 (citing Blackledge v. Allison, 431 U.S. 63, 81-82 (1977) ("the district judge (or a magistrate to whom the case may be referred) may employ a variety of measures in an effort to avoid the need for an evidentiary hearing"); Valverde v. Stinson, 224 F.3d 129, 135 (2d Cir. 2000) ("the district court, in its discretion, may . . . supplement the record without the necessity of conducting a full-blown evidentiary hearing")).)

By letter dated October 18, 2005, Respondents urged the Court "to adopt the report and recommendation . . . . This case presents no basis for habeas corpus relief." (Letter to the Court from Respondents, dated Oct. 18, 2005, ¶ 1.) Petitioner submitted timely objections to the Report ("Objections") on November 7, 2005, asserting that Magistrate Judge Gorenstein erred, (1) "in failing to find that trial counsel's performance fell below objective standards of

3

competent representation"; (2) "in concluding that Petitioner has not made a showing of prejudice" as a result of trial counsel's actions; (3) "in finding that the missing witness charge did not deprive Petitioner of due process of law"; and (4) "in finding that an evidentiary hearing should not be held in this court." (Objections at 1, 5, 8, 10.)

**For the reasons stated below, the Report is adopted in its entirety and the Petition is dismissed.**

## II. Standard of Review

The Court "shall make a de novo determination of those portions of the report or specified findings or recommendations to which an objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989); DeLuca v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994). As to any portions of a magistrate judge's report to which no objections have been made, the district judge may adopt all findings that are not clearly erroneous. See Thomas v. Arn, 474 U.S. 140, 149 (1985).

## III. Analysis

The facts as set forth in the Report are incorporated herein by reference unless otherwise noted. The Court has conducted a de novo review of, among other things, the Petition, the Amended Petition, the Report, Petitioner's Objections, the record, and applicable legal authorities, and concludes that the determinations and recommendations made by Magistrate Judge Gorenstein are supported by the record and the law in all material respects. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Petitioner raises substantially the same

4

arguments that were brought before Judge Gorenstein and does not provide a basis for departing from the Report's conclusions and recommendations.[1]

### (1)   Trial Counsel's Representation

Magistrate Judge Gorenstein properly addressed Petitioner's ineffective assistance claims in the Report, noting that "judicial scrutiny of a counsel's performance must be highly deferential." (Report at 41 (citing Bell v. Cone, 535 U.S. 685, 698 (2002)).) Judge Gorenstein correctly determined that the actions of Petitioner's trial counsel were reasonable given, inter alia, the difficulty in finding the missing witness and the witness's expressed unwillingness to testify at the time of the trial. (Report at 46-47.) See Strickland v. Washington, 466 U.S. at 691 ("[t]he court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance").

### (2)   Prejudice

Even assuming, arguendo, that trial counsel's actions fell below the level of acceptable assistance, Petitioner has not provided sufficient evidence to show prejudice. See Pham v. United States, 317 F.3d 178, 182 (2d Cir. 2003) ("our precedent requires some objective evidence other than defendant's assertions to establish prejudice"). Judge Gorenstein concluded correctly that it was doubtful "whether in fact [the missing witness] would have testified in this matter had he been served with a subpoena or had he been arrested on a material witness warrant." (Report at 47.) Without evidence that the witness would have testified, Petitioner cannot show "'a reasonable probability' that the result of his trial 'would have been different,'" and so cannot prove that he was prejudiced by trial counsel's assistance. (Report at 47 (quoting

---

[1] As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro, 776 F. Supp. at 817. Any of Petitioner's Objections not specifically addressed in this Order have been considered de novo and rejected.

5

Strickland, 446 U.S. at 691).) See Aparicio v. Artuz, 269 F.3d 78, 95 (2d Cir. 2001) ("[a] reasonable probability is one sufficient to undermine confidence in the outcome of the trial").

### (3) Missing Witness Charge

The United States Court of Appeals for the Second Circuit has held that "there is no deprivation of a defendant's constitutional rights by permitting the jury to draw an adverse inference against him for failure to call an available material witness." United States v. Caccia, 122 F.3d 136, 140 (2d Cir. 1997). The charge here "explicitly left to the jury" the issue of whether the missing witness was available to Petitioner. (Report at 66.) Judge Gorenstein appropriately concluded that the facts presented to the jury "would be sufficient for 'reason and common sense' to justify [the] jury's conclusion." (Report at 66.)

### (4) Evidentiary Hearing

On June 27, 2005, Magistrate Judge Gorenstein directed Petitioner's trial counsel "to submit an affidavit addressing . . . Savinon's ineffective assistance claim." (Order issued by Magistrate Judge Gorenstein, dated June 24, 2005, ¶ 2.) In his affidavit, dated July 12, 2006, trial counsel explains that "counsel and petitioner made extensive efforts to obtain an interview" with the missing witness. (Affidavit of Trial Counsel Regarding Petition for Writ of Habeas Corpus, 28 U.S.C. Section 2254 ("Trial Counsel Affidavit"), dated July 12, 2006, ¶ 9.) However, the witness only spoke with counsel on one occasion, and said "that he would only come to court if the prosecutor would grant him safe passage from deportation and 'other charges,'" which the prosecutor was unwilling to do. (Trial Counsel Affidavit ¶ 11.) Trial Counsel states that due to the witness's illegal immigration status and the risk of deportation, "a subpoena would have been a meaningless exercise." (Trial Counsel Affidavit ¶ 15.)

6

Magistrate Judge Gorenstein correctly determined that an evidentiary hearing was unnecessary because "the affidavits before this Court provide a sufficient basis to adjudicate Savinon's petition." (Report at 72.) See Chang v. United States, 250 F.3d 79, 86 (2d Cir. 2001) (finding it "within the district court's discretion to choose a middle road that avoided the delay, the needless expenditure of judicial resources, the burden on trial counsel and the government . . . that would have resulted from a full testimonial hearing").

## IV. Certificate of Appealability

Because Petitioner has not made a "substantial showing of the denial of a constitutional right," the Court will not grant a certificate of appealability. 28 U.S.C. § 2253(c)(2); see Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000).

## V. Conclusion and Order

For the foregoing reasons, the Court adopts the report in its entirety and the Petition is dismissed. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
September 18, 2005

_RMB_
**RICHARD M. BERMAN, U.S.D.J.**